IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Case No. CIV-04-1691-L |
| | ) | |
| ESTATE OF RICHARD ALLEN FISHER, an Oklahoma citizen, Personal Representative Unknown; *et al.*, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

This is a declaratory judgment action brought to determine the duties and

obligations of plaintiff North American Specialty Insurance Company with respect

to a policy of insurance, Policy Number BZ10003236-01, issued to defendants

Aviation Flight Specialists, L.L.C. and Michael H. Wright as named insureds.  The

subject of the action involves two separate aviation accidents, the first on May 1,

2004 and the second on August 3, 2004, involving the same aircraft, a Piper

601P Aerostar, N601BV, which was owned by Aviation Flight Specialists, L.L.C.,

and piloted by defendant Richard Allen Fisher during both accidents.  The

accident of August 3, 2004 occurred in or near Austin, Texas, and caused fatal

injuries to Richard Allen Fisher, Jason Jones and the Treadwell family of

Edmond, Oklahoma.  The August 3, 2004 accident also caused extensive

damage to the residence of Lawrence and Jacqueline Elliot of Austin, Texas.

This matter is before the court on plaintiff North American Specialty

Insurance Company's Motion for Default Judgment Against Aviation Flight

Specialists, L.L.C. **[Doc. No.  46]** and Motion for Default Judgment against the

Estate of Richard Allen Fisher **[Doc. No. 47]**, brought pursuant to Fed. R. Civ. P.

55.  The court file reflects that no other party has filed a written objection to either

of these motions.  The court has reviewed the motions and the entire case file in

this matter and finds that the motions should be denied.

As noted in the Clerk's Entry of Default entered as to each of these

defendants on August 19, 2005, the defendants, Aviation Flight Specialists,

L.L.C. and the Estate of Richard Allen Fisher, were validly served with complaint

and summons and the legal time for pleading or otherwise defending has expired

and the defendants have failed to plead or otherwise defend.  No appearance has

been made by either of these two defendants, nor has any motion or pleading

been filed on either defendant's behalf.

While it is undisputed that defendant Aviation Flight Specialists, L.L.C. and

the Estate of Richard Allen Fisher are in default, the court finds that it would not

be appropriate to enter a default judgment against these two defendants at this

time.  Plaintiff brought this declaratory judgment action seeking a determination

by the court that there is no coverage or indemnity under the subject policy for the

2

accident of May 1, 2004 and that there is no duty to defend the insureds, and no

coverage or indemnity under the subject policy for the accident of August 3, 2004.

However, the non-defaulting defendants have appeared in the matter and do

contest plaintiff's allegations that there is no coverage or indemnity for either of

the accidents.  As indicated by the Joint Status Report and the discussion of

counsel at the July 6, 2005 status conference held in this matter, several

significant legal issues remain as to the issue of coverage under the subject

policy of insurance.  The entry of a declaratory default judgment on the coverage

issues in this multi-defendant case would not be appropriate.  *See* Northland

Insurance Company v. Cailu Title Corporation, 204 F.R.D 327, 330 (W.D. Mich.

2000) (entry of declaratory judgment against defaulting defendants improper

because non-defaulting parties remain entitled to contest allegations of

complaint).

Therefore, under the circumstances, the court finds that while it is proper to

note the Entry of Default as to defendants Aviation Flight Specialists, L.L.C. and

the Estate of Richard Allen Fisher, judgment against the defaulting defendants

should await the court's final judgment on the merits in this declaratory judgment

action.

Accordingly, plaintiff North American Specialty Insurance Company's **(1)**

Motion for Default Judgment Against Aviation Flight Specialists, L.L.C. **[Doc. No.**

**46]** and **(2)** Motion for Default Judgment against the Estate of Richard Allen

3

Fisher **[Doc. No. 47]** are **DENIED** at this time, for the reasons stated above.

It is so ordered this 1st day of September, 2005.

TIM LEONARD
United States District Judge