IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ESTATE OF RICHARD ALLEN FISHER, an Oklahoma citizen, Personal Representative, Unknown; KYRSTEN R. JONES and EARL T. JONES, Co-Personal Representatives of the ESTATE OF JASON JONES, an Oklahoma citizen; JOHN B. DAVIS, Personal Representative of the ESTATE OF CURTIS TREADWELL, an Oklahoma citizen[1]; ESTATE OF JENNIFER TREADWELL, an Oklahoma citizen, Personal Representative Unknown; ESTATE OF PATRICK TREADWELL, an Oklahoma citizen, Personal Representative Unknown; ESTATE OF HUNTER TREADWELL, an Oklahoma citizen, Personal Representative Unknown; AVIATION FLIGHT SPECIALISTS, L.L.C., a Delaware Corporation[2]; MICHAEL H. WRIGHT, a citizen of Oklahoma; KEMPER CASUALTY INSURANCE COMPANY, an Illinois corporation; LAWRENCE ELLIOT, a citizen of Texas; JACQUELINE ELLIOT, a citizen of Texas; JOHN DOE I, a principal of AVIATION FLIGHT SPECIALISTS, L.L.C., a citizen of Oklahoma; JOHN DOE II, a principal of AVIATION FLIGHT SPECIALISTS, L.L.C., a citizen of Oklahoma; | Case No. CIV-04-1691-L |

---

[1] The court notes that John B. Davis is also identified as Personal Representative of the Joint Estates of Jennifer H. Treadwell, Patrick S. Treadwell, and Hunter E. Treadwell in court documents. *See, e.g.,* Doc. No. 61.

[2] The spelling of the name of this defendant differs on various underlying documents. The court will refer to this defendant as Aviation Flight Specialists, L.L.C.

JOHN DOE III, a principal of AVIATION FLIGHT )
SPECIALISTS, L.L.C., a citizen of Oklahoma; )
JOHN DOE IV, a principal of AVIATION FLIGHT )
SPECIALISTS, L.L.C., a citizen of Oklahoma; )
JOHN DOE V, a principal of AVIATION FLIGHT )
SPECIALISTS, L.L.C., a citizen of Oklahoma[3]; )
UNITRIN PREFERRED INSURANCE )
COMPANY, a New York corporation, )
)
        Defendants. )

## O R D E R

This is a declaratory judgment action brought to determine the duties and obligations of plaintiff North American Specialty Insurance Company with respect to a policy of insurance, Policy Number BZ10003236-01, issued to defendants Aviation Flight Specialists, L.L.C. and Michael H. Wright as named insureds. The subject of the action involves two separate aviation accidents, the first on May 1, 2004 and the second on August 3, 2004, involving the same aircraft, a Piper 601P Aerostar, N601BV, which was owned by Aviation Flight Specialists, L.L.C., and piloted by defendant Richard Allen Fisher during both accidents. The accident of August 3, 2004 occurred in or near Austin, Texas, and caused fatal injuries to Richard Allen Fisher, Jason Jones and the Treadwell family of Edmond, Oklahoma. The August 3, 2004 accident also caused extensive damage to the residence of Lawrence and Jacqueline Elliot of Austin, Texas.

---

[3] The court file does not reflect that the "John Doe" defendants, I through V, were ever identified by plaintiff or served with process in the time limits allowed. The court finds that the **John Doe defendants, I through V, should be and are hereby dismissed** as parties in this action.

This matter is before the court on Plaintiff's Motion for Summary Judgment. Plaintiff contends that the following facts are undisputed for purposes of summary judgment (citations to the record are omitted):

1. Plaintiff North American Specialty Insurance Company is a New Hampshire company with its principal place of business in New Hampshire.

2. At the time of his death, Richard Allen Fisher was a citizen of Oklahoma. Defendant Estate of Richard Allen Fisher is a citizen of Oklahoma.

3. At the time that he applied for the subject policy of insurance, and at all relevant times, Richard Allen Fisher was a citizen of Oklahoma.

4. The subject policy of insurance was issued by a New Hampshire insurance company by its managing general agent, London Aviation Underwriters, Inc., a Washington corporation.

5. Defendant Named Insured Aviation Flight Specialists, L.L.C. is a Delaware corporation with a business address of 3555 N.W. 58th St., Suite 620W, Oklahoma City, Oklahoma 73112 as listed on the Aircraft Renewal Questionnaire dated September 16, 2003 signed by Richard Allen Fisher.

6. Defendant and Named Insured Michael H. Wright is a citizen of Oklahoma. As noted on the Declarations Page of the subject policy, the Named Insureds, Aviation Flight Specialists, L.L.C. and Michael H. Wright had an address of 10900 Hefner Pointe Drive, Suite #401, Oklahoma City, Oklahoma 73120.

7.  Both Named Insureds were doing business in the State of Oklahoma at the time the policy was issued and at the time of both the accident of May 1, 2004 and the accident of August 3, 2004.

8.  The aircraft referenced in the subject policy was principally based and hangared in Oklahoma.

9.  All passengers involved in the accident of August 3, 2004[4] were citizens of Oklahoma.

10.  The policy contains an Oklahoma Amendatory Endorsement, Form NAS-LAU226(4/00).

11.  On May 1, 2004, the subject aircraft suffered damage after landing at the Kingfisher Airport in Oklahoma.  Defendant Richard Allen Fisher was the pilot of the aircraft at the time of the accident of May 1, 2004.  No other qualified pilot who was qualified to pilot the aircraft was either on board or acting in crew capacity at the time of the accident.

12.  The Additional Pilot Clause, form NAS-LAU357(4/00), the subject policy of insurance, provides:

It is agreed that the Pilot clause in the Declarations is amended to include:

Any Pilot, aged between 25 and 65, having a Private (or better) Pilot Certificate, with a Multi-Engine Land, Instrument rating, who has flown a minimum of 1000 total flying hours as Pilot in Command, 250 of which shall

---

[4] Plaintiff's motion refers to the "May 3, 2004" accident, an apparent typographical error since the facts indicate that passengers were involved in the August 3, 2004 accident, not the May 1, 2004 accident.

have been Multi-engine Land Hours, including 25 Hours in the make and model insured hereunder, and who has had no accidents, incidents or violations, within the past five years, and who has the Insured's full approval and consent.

**All such pilots to have successfully completed, within 24 calendar months preceding the intended flight, initial or recurrent training, in the same make and model being flown, with a school approved by the company.**

13. The purpose of the Additional Pilot clause referenced in ¶ 11 is to give the Policyholder flexibility to operate the aircraft with any appropriately qualified pilot.

14. Endorsement 01 of the subject policy of insurance provides:

It is a condition of coverage that Richard A. Fisher must be accompanied at the controls of N601BV at all times by a pilot who meets all of the requirements of the Additional Pilot Clause [NAS-LAU357(4/00)] until Mr. Fisher has successfully completed recurrent training at a school approved by the company in a Piper 610P Aerostar.

15. As of October 11, 2002, Richard Allen Fisher admitted that he had not completed requisite recurrent training.

16. Mr. Fisher acknowledged policy conditions of minimum pilot qualifications and the requirement of a currently effective Standard airworthiness certificate.

17. Despite repeated requests by plaintiff that Richard A. Fisher provide proof of compliance with the conditions required by Endorsement 01 of the subject policy of insurance so as to obviate the requirement that Mr. Fisher be

accompanied at the controls of the N601BV at all times by a pilot who meets all of the requirements of the Additional Pilot Clause, Mr. Fisher never provided such information.

18. There is no evidence that Richard A. Fisher complied with the conditions required by Endorsement 01 of the subject policy of insurance.

19. There is no evidence that Richard A. Fisher was a qualified pilot as per the conditions required by the Additional Pilot Clause of the subject policy of insurance.

20. There is no evidence that at the time of the accident of May 1, 2004, Mr. Fisher had successfully completed initial training as required under the policy.

21. There is no evidence that at the time of the accident of May 1, 2004, Mr. Fisher had successfully completed recurrent training as required under the policy.

22. At the time of the accident of May 1, 2004, Mr. Fisher was not accompanied at the controls of N601BV by a pilot who met all of the requirements of the Additional Pilot Clause.

23. On August 3, 2004, Richard Allen Fisher piloted the subject aircraft as the aircraft crashed in the vicinity of Austin, Texas, causing fatal injuries to Mr. Fisher, Jason Jones, Curtis Treadwell, Jennifer Treadwell, Patrick Treadwell, and Hunter Treadwell.

24. The aforementioned accident of August 3, 2004 also resulted in damage to the residence of defendants Lawrence Elliot and Jacqueline Elliot that has been estimated in the amount of $750,000.00.

25. Defendants Kemper Casualty Insurance Company and Unitrin Preferred Insurance Company provided insurance coverage for the residence of defendants Lawrence Elliot and Jacqueline Elliot.

26. Despite repeated requests by plaintiff that Richard A. Fisher provide proof of compliance with the conditions required by Endorsement 01 of the subject policy of insurance so as to obviate the requirement that Mr. Fisher be accompanied at the controls of the N601BV at all times by a pilot who meets all of the requirements of the Additional Pilot Clause, Mr. Fisher never provided such information.

27. There is no evidence that at the time of the accident on August 3, 2004, Mr. Fisher had successfully completed initial training as required under the policy.

28. There is no evidence that at the time of the accident on August 3, 2004, Mr. Fisher had successfully completed recurrent training as required under the policy.

29. There is no evidence that at the time of the accident of August 3, 2004, Mr. Fisher had satisfied the requirements of the Additional Pilot Clause.

30. At the time of the accident of August 3, 2004, adults on board in addition to Richard Allen Fisher were Jason Jones, Curtis Treadwell, and Jennifer Treadwell. Jason Jones, Curtis Treadwell, and Jennifer Treadwell were not qualified to pilot the subject aircraft. Mr. Fisher was not accompanied at the controls of N601BV by a pilot who met all of the requirements of the Additional Pilot Clause.

31. The subject policy contains the following exclusion:

VIII. EXCLUSIONS

**This Policy does not apply under any coverage**
a) to any aircraft while in flight when it does not bear a valid and currently effective "Standard Category" Airworthiness Certificate issued by the Federal Aviation Administration (unless so declared by endorsement);

32. Plaintiff has conducted a diligent and thorough search for any evidence that the aircraft bore a valid and currently effective "Standard Category" Airworthiness Certificate at the time of the August 3, 2004 accident.

33. The last Annual Inspection performed on the aircraft occurred on May 7, 2003.

34. According to the Aircraft Log Book, the last maintenance performed on the subject aircraft was in June, 2004 by licensed mechanic Ed Dietlin.

35. In June, 2004, Ed Dietlin twice informed Richard Allen Fisher that the subject aircraft was out of compliance with the requirement that the subject

aircraft have an annual inspection. Mr. Fisher, however, declined to have the inspection performed.

36. There is no evidence that the aircraft bore a valid and currently effective "Standard Category" Airworthiness Certificate at the time of the August 3, 2004 accident.

Based upon the above undisputed facts, plaintiff asks the court to declare that there is no coverage for any insured under the subject policy for indemnity, that there is no duty to defend any insured, that plaintiff owes no duty of indemnity to any of the defendants in this declaratory judgment action, and that there is no coverage for any damage to the subject aircraft.

The court file reflects that defendants John B. Davis, Personal Representative of the Treadwell Estates, Kyrsten R. Jones and Earl T. Jones, Co-Personal Representatives of the Estate of Jason Jones, and Michael H. Wright filed a joint response to plaintiff's Motion for Summary Judgment in which they state that "they cannot serve opposing affidavits or set forth specific facts showing that there is a genuine issue for trial, as required by Fed. R. Civ. P. 56."

The record reflects that the defendants Kemper Casualty Insurance Company, Lawrence Elliot, Jacqueline Elliot, and Unitrin Preferred Insurance Company did not file a written response to plaintiff's Motion for Summary Judgment.

The Clerk's Entry of Default has been entered as to defendants Aviation Flight Specialists, L.L.C. and the Estate of Richard Allen Fisher based upon these parties' default in this action. By previous order, the court has ruled that "final judgment against these defaulting defendants should await the court's final judgment on the merits in this declaratory judgment action." See September 1, 2005 Order, Doc. No. 51.

Although there has been no substantive response to plaintiff's Motion for Summary Judgment, the court has carefully reviewed the motion under the appropriate standards in determining whether judgment should properly be entered in favor of plaintiff as a matter of law. Based upon its review, the court concludes that summary judgment in favor of plaintiff should be granted.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509, 91 L. Ed. 2d 202 (1986). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991). If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts

showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings.  Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Applied Genetics Int'l. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).  The non-moving party must point to specific facts, "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves," to avoid summary judgment.  Celotex, 477 U.S. at 324.

In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.  Bryant v. O'Connor, 848 F.2d 1064, 1067 (10th Cir. 1988).  The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the moving party.

Upon thorough consideration of the uncontroverted summary judgment evidence and the unrefuted arguments of the plaintiff, the court finds that Plaintiff's Motion for Summary Judgment **[Doc. No. 70]** should be and is hereby **GRANTED** in its entirety.  **Plaintiff is entitled to a declaratory judgment that there is no coverage for any insured under the subject policy for indemnity,**

**that there is no duty to defend any insured, that plaintiff owes no duty of indemnity to any of the defendants in this declaratory judgment action, and that there is no coverage for any damage to the subject aircraft.**

In keeping with the court's earlier order, the court finds that this final declaratory judgment should be entered at this time with respect to the defaulting defendants, Aviation Flight Specialists, L.L.C. and the Estate of Richard Allen Fisher. Accordingly, judgment will issue in favor of plaintiff and against all defendants on a separate document, in accordance with the federal rules of civil procedure.

It is so ordered this 21st day of February, 2006.

*Tim Leonard*
TIM LEONARD
United States District Judge